IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUTSETTS

| | | |
|---|---|---|
| Erien L. Frazier, | ) | Civil Action No.: |
| Plaintiff | ) | |
| Vs. | ) | **DEMAND FOR TRIAL BY JURY** |
| Atlantic Union Conference Association | ) | |
| of Seventh-day Adventists, | ) | |
| Atlantic Union College, | ) | |
| Defendants | ) | |

## **COMPLAINT**

Plaintiff, Erien Frazier, individually, hereby sues Defendants, Atlantic Union Conference Association of Seventh-day Adventists (hereafter "Atlantic Union Conference") and Atlantic Union College for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.*

## **PRELIMINARY STATEMENT**

1. This is an action for damages brought by Plaintiff against the Defendants for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.*

2. Plaintiff contends that the Defendants, Atlantic Union Conference and Atlantic Union College have violated such laws by failing to reasonably investigate Plaintiff's disputes and by verifying false information to Trans Union.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

4. Venue is proper pursuant to 28 U.S.C. § 1391b. Venue in this District is proper in that the Defendants reside here, and the conduct complained of originated here.

5. All conditions precedent to the bringing of this action have been performed.

## PARTIES

6. Plaintiff, Erien Frazier, is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and is a resident of the State of Maryland.

7. Atlantic Union Conference is a Massachusetts corporation registered to do business in the State of Massachusetts. Atlantic Union College also is a Massachusetts corporation registered to do business in the State of Massachusetts and is a subordinate unit of the Atlantic Union Conference. Both having their principle place of business in Lancaster, MA 01561.

8. Atlantic Union Conference and Atlantic Union College are "furnishers" as described in 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

9. Plaintiff re-alleges and incorporates paragraphs 1 through 8 in the above paragraphs as if fully set herein.

10. Plaintiff was residing in Maryland when she was recruited by one of the college's recruiters and offered a full scholarship to the Social Work Department of Atlantic Union College.

11. Plaintiff attended Atlantic Union College during the school year 1995-96.

12. During the time Plaintiff attended Atlantic Union College she found out from the Chair of the Social Work Department that no scholarship program existed.

13. Plaintiff left the school May of 1996 with a balance of $5000.

14. Atlantic Union College entered into a subscriber agreement with Trans Union, Equifax, and Experian and began furnishing delinquent account information on Plaintiff's consumer reports on or about December 1997 (See Exhibit A).

15. Plaintiff disputed the Atlantic Union College trade-line with the 3 consumer reporting agencies.

16. Plaintiff's reason for disputing the debt was that it was being reported past the FCRA's 7-year statute of limitations.

17. On or about March 2013, Plaintiff disputed directly with Atlantic Union College.

18. On or about September 2013, Equifax and Experian removed the information furnished by Atlantic Union College.

19. From August 2013 to October 2014 Plaintiff disputed the trade-line with Trans Union to no avail.

20. Trans Union sent CDVs to Atlantic Union College for verification of Plaintiff's disputes (See Exhibit B1-B5).

21. Despite Plaintiff's repeated disputes, Atlantic Union College continued to verify and furnish consumer reports containing such false adverse information to users (See Exhibits C-E).

22. Atlantic Union College verified false and inaccurate information to Trans Union on 9/16/13, 10/15/13, 12/18/2013, 1/20/2014, and 10/14/2014 (See Exhibit B1-B5).

23. On or about July 2011 Atlantic Union College, deeply in debt, lost its accreditation and closed its doors.

24. While Atlantic Union College was closed Atlantic Union Conference stepped in to provided administrative leadership and direction for the school, eventually paying off most of its debt.

25. Before Atlantic Union College's official closure, they falsely reported to Trans Union that Plaintiff's first date of delinquency was 5/31/2011, thereby re-aging the trade-line.

26. On or about December 8, 2015 Plaintiff filed a Complaint in the United District Court for the State of Maryland against Trans Union and Atlantic Union College and Atlantic Union Conference for violations of the Fair Credit Reporting Act.

27. Defendants, Atlantic Union Conference and Atlantic Union College filed a Motion to Dismiss for lack of personal jurisdiction.

28. On July 14, 2016, Judge Motz granted their Motion to Dismiss.

**COUNT I**

4

## **ATLANTIC UNION COLLEGE AND ATLANTIC UNION CONFERENCE'S VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b)**

29. Plaintiff re-alleges and incorporates the above paragraphs 1 through 28 as if fully set herein.

30. On one or more occasions, within the two years of filing this suit, Atlantic Union College and Atlantic Union Conference willfully violated the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's disputes regarding the trade-line and/or reporting inaccurately the results of such investigation.

31. As a result of this conduct, action and inaction of Atlantic Union College and Atlantic Union Conference, the Plaintiff suffered actual damages including loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

32. Atlantic Union College and Atlantic Union Conference's actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Atlantic Union College and Atlantic Union Conference was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

33. The Plaintiff is entitled to recover actual damages, statutory damages, cost and attorney's fees from Atlantic Union College and Atlantic Union Conference in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff prays judgment in her favor actual damages, statutory damages, punitive damages, costs of this action and attorney's fees, and any such other and further relief as the Court deems just and proper.

## **COUNT II**

5

## ATLANTIC UNION COLLEGE AND ATLANTIC UNION CONFERENCE
## DEFAMATION – LIBEL

34. Plaintiff re-alleges and incorporates paragraphs 1 through 32 in the above paragraphs as if fully set herein.

35. Plaintiff's reputation among lenders was harmed when Atlantic Union College and Atlantic Union Conference furnished false and inaccurate information on Plaintiff's consumer report.

36. Atlantic Union College and Atlantic Union Conference knowingly made false claims regarding the delinquent account in written reports to Trans Union.

37. Plaintiff could not obtain consumer credit and was mentally and emotionally distressed by the persistent false and inaccurate information.

**WHEREFORE**, Plaintiff prays judgment in her favor actual damages, statutory damages, punitive damages, costs of this action and attorney's fees, and any such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

Respectfully submitted this August 23, 2016

Erien Frazier *Pro Se*

19 Pierce Ave, Suite C

PMB # 6

Fitchburg, MA 01420

P.O. Box 25

Hagerstown, MD 21740

(410) 262-8690

erienfrazier@gmail.com